IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

KENNETH RASCHKE,

    Plaintiff,

v.

TRAPPER MINING INC., a Delaware corporation,

    Defendant.

___

**COMPLAINT AND JURY DEMAND**
___

Plaintiff complains as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Kenneth Raschke is a resident of Fruita, Mesa County, Colorado.

2. Defendant Trapper Mining Inc. (Trapper Mining) is a Delaware corporation.

3. Trapper Mining's only facility in Colorado is in Craig, Colorado.

4. This Court has jurisdiction under 28 U.S.C. §1331, and specifically, under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (ADEA).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the employment practices alleged to be unlawful were committed within the District of Colorado.

## GENERAL ALLEGATIONS

6. Trapper Mining operated a surface coal mine in Craig, Colorado at all relevant times.

7. Trapper Mining hired Mr. Raschke on May 21, 1979, and promoted him to the position of Production Foreman II during the course of his 42 years of employment with Trapper Mine.

8. On September 1, 2021, a significant amount of rain fell at the mine in Craig.

9. When Mr. Raschke arrived for his graveyard shift at approximately 9:00 PM on September 1, 2021, the foreman on the preceding shift advised him that a pit had flooded with water.

10. The foreman on the preceding shift advised Mr. Raschke that two of his subordinates, including Austin Faucett, intended to pump it out.

11. At that time, the polyethylene discharge pipe that could be used to pump out the pit was submerged in the water.

12. Mr. Faucett proceeded to retrieve a track backhoe to locate the submerged end of the discharge pipe and lift it onto a sloped wall above the water level.

13. The discharge pipe then needed to be attached to a flexible hose in order for the water to be pumped out of the pit.

14. As neither of the subordinates had a plan for getting across the water safely to attach the pipe to the hose, Mr. Raschke instructed them to move on to a different project, putting a loader in place so that it would be ready for the next day's shift to haul topsoil.

15. One of the subordinates proposed driving the loader out to the end of the discharge pipe with the other worker in the loader bucket.

16. Mr. Raschke instructed the subordinates not to do so.

17. Mr. Raschke the left the area of the flooded pit to perform other job duties at a different area of the mine.

18. The two subordinates, contrary to Mr. Raschke's instructions to move on to another project, used the loader bucket to place a wooden cable spool in the water in the pit, placed the discharge pipe on the spool with the track backhoe, backed up the loader to the spool, and connected the hose to the discharge pipe.

19. The procedure used by the subordinates violated company safety procedures.

20. After being made aware of the violation, Mr. Raschke filed a shift report with his supervisor, Sean Hovorka, describing the events that had occurred that night.

21. On September 2, 2021, Sean Hovorka and Trapper Mining suspended Mr. Raschke.

22. On September 8, 2021, Trapper Mining terminated Mr. Raschke.

23. Trapper Mining did not conduct an independent investigation into the incident.

24. The internal investigation that Trapper Mining did conduct was cursory and unreasonable.

25. The result of Trapper Mining's investigation of Mr. Raschke was a foregone conclusion that did not depend on the result of its unreasonable investigation.

26. After Trapper Mine terminated Mr. Raschke, it promoted Mr. Faucett to his position.

27. Mr. Faucett is approximately 20 years younger than Mr. Raschke.

## CLAIM FOR RELIEF
(Age Discrimination in violation of the ADEA)

28. The foregoing allegations are realleged and incorporated by reference.

29. At the time of his suspension and termination, Mr. Raschke was 62 years of age.

30. Trapper Mining, in violation of the ADEA, discriminated against Mr. Raschke in the terms and conditions of his employment because of his age.

31. But for his age, Trapper Mining would not have terminated Mr. Raschke.

32. Trapper Mining, in violation of the ADEA, terminated Mr. Raschke on September 8, 2021, because of his age.

33. In terminating Mr. Raschke, Trapper Mining did not have a good faith reason to believe it was acting lawfully.

34. In terminating Mr. Raschke, Trapper Mining knew or should have known it was acting in violation of the ADEA.

35. As a direct and proximate result of Trapper Mining's age discrimination against Mr. Raschke, he has suffered damages, including, but not limited to, back pay, front pay, and other pecuniary damages.

36. Mr. Raschke is entitled to recover his actual damages, liquidated damages, and attorney fees under the ADEA.

## DEMAND FOR JUDGMENT

Plaintiff Kenneth Raschke demands judgment in his favor against Defendant Trapper Mining, Inc., for

A. all actual damages caused by Defendant's unlawful conduct; including past and future pecuniary, non-pecuniary losses and compensatory damages;

B. liquidated damages in an amount equal to Mr. Raschke's actual damages;

C. reasonable attorney fees;

D. prejudgment and postjudgment interest;

E. costs; and

F. such other relief as the Court deems proper.

## JURY DEMAND

Mr. Raschke demands a jury trial on all issues so triable.

Dated: March 15, 2023

> *s/ David Lichtenstein*
> David Lichtenstein
> Law Office of David Lichtenstein, LLC
> 1556 Williams Street, Suite 100
> Denver, CO 80218-1661
> Telephone:  (303) 831-4750
> Facsimile:   (303) 863-0835
> E-mail: dave@lichtensteinlaw.com
>
> *Attorney for Plaintiff*